IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, | ) | 4:11CV3215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 25, 2011. (Filing No. 1.) Thereafter, Plaintiff filed an Amended Complaint. (Filing No. 12.) Also pending are two Motions for Appointment of Counsel. (Filing Nos. 11 and 13.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 25, 2011. (Filing No. 1.) Thereafter, Plaintiff filed an Amended Complaint against nine employees of the Nebraska Department of Corrections.[1] (Filing No. 12 at CM/ECF pp. 1-2.) Plaintiff sues each Defendant in both their individual and official capacities. (*Id*.) Plaintiff is currently confined in the Nebraska State Penitentiary in Lincoln, Nebraska. (*Id*. at CM/ECF p. 2; *see also* Docket Sheet.)

Plaintiff asserts numerous claims against Defendants, including several state law claims. For the purposes of this Memorandum and Order the court will focus its

---

[1] Plaintiff may amend his once as a matter of course within 21 days, after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Plaintiff has not yet served his Amended Complaint upon Defendants.

discussion on Plaintiff's federal claims. Condensed and summarized, Plaintiff asserts four federal claims.

Claim One: Defendants deprived Plaintiff of his right to be part of the general population without due process. (*Id*. at CM/ECF pp. 5, 9, 11.) Plaintiff alleges that he was placed in protective custody on October 31, 2011, and that he is "at risk" in protective custody because he has conflicts with other protective custody inmates that are "unresolved." (*Id*. at CM/ECF p. 4.) He also alleges that he suffers from diabetes, "kidney failure and incontinence which are not conducive to being placed in[] a two man cell for 23 hours." (*Id*. at CM/ECF p. 5.) Before Plaintiff was placed in protective custody, he appealed the prison's protective custody classification decision pursuant to prison procedures. (*Id*. at CM/ECF pp. 3-4.)

Claim Two: Defendants denied Plaintiff his First Amendment free exercise rights because they (1) did not permit him to attend group rituals, (2) denied him possession of his religious medallion for 30 days, (3) denied him access to religious hardcover books while he was in segregation, (4) denied him access to several religious items while he was in segregation, and (5) failed to recruit religious Wiccan clergy. (*Id*. at CM/ECF pp. 5, 12.)

Claim Three: Defendants denied Plaintiff meaningful access to the courts because they limited his access to the law library to only 50 minutes per week, and denied him access to his legal documents for 58 days. (*Id*. at CM/ECF p. 7.)

Claim Four: Defendants denied Plaintiff equal protection in violation of the Fourteenth Amendment because similarly situated inmates are given preferential treatment as part of a "transition program." (*Id*. at CM/ECF p. 8.)

Plaintiff seeks a court order that directs Defendants to release him from segregation, return him to general population and restore his single-cell status. (*Id*. at CM/ECF p. 11.) He also seeks compensatory and punitive damages. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues nine state employees in both their individual and official capacities. (Filing No. 12 at CM/ECF pp. 1-2.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against Defendants in their official capacities are barred by the Eleventh Amendment. However, the Eleventh Amendment does not bar Plaintiff's equitable relief claims against Defendants in their official capacities or Plaintiff's claims against Defendants in their individual capacities.

### B. Claim One - Classification Status

Liberally construed, Plaintiff alleges Defendants deprived him of the right to be a part of the general prison population without adequate due process. (Filing No. 12 at CM/ECF pp. 5, 9, 11.) The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695,

696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmates have "no liberty interest in a particular classification"). Thus, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (concluding a prison inmate only has a liberty interest in a condition of confinement if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Moreover, the Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

Here, Plaintiff alleges that he was placed in protective custody on October 31, 2011, and that he is "at risk" in protective custody because he has "unresolved" conflicts with other protective custody inmates. (Filing No. 12 at CM/ECF p. 4.) He also alleges that he suffers from diabetes, "kidney failure and incontinence which are not conducive to being placed in[] a two man cell for 23 hours." (*Id*. at CM/ECF p. 5.) Even assuming these conditions constitute an atypical and significant hardship, Plaintiff's due process claim still fails because he was notified of the prison's decision to place him in protective custody and given the chance to appeal that decision through prison procedures. (*Id*. at CM/ECF pp. 3-4.) *See also Griggs v. Norris*, 297 Fed App'x 553, 555 (8th Cir. 2008) (concluding due process requirements met where inmate was given notice of his classification placement, reasons for his placement and an opportunity to appeal the decision). Accordingly, Plaintiff has failed to state a due process claim upon which relief may be granted.

    C.    *Claim Two - First Amendment*

Plaintiff alleges that Defendants violated his First Amendment and Fourteenth Amendment rights because they (1) did not permit him to attend group rituals, (2)

-5-

denied him possession of his religious medallion for 30 days, (3) denied him access to hardcover books while he was in segregation, (4) denied him access to several religious items while he was in segregation, and (5) failed to recruit Wiccan clergy. (Filing No. 12 at CM/ECF pp. 5, 12.)

To establish a First Amendment free exercise claim, Plaintiff must allege sufficient facts to show that Defendants have placed a "substantial burden" on his ability to practice his religion. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). "Substantially burdening one's free exercise of religion means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Id*.

Plaintiff's First Amendment allegations are conclusory. Although Plaintiff alleges that Defendants did not permit him to attend group rituals, failed to recruit religious clergy and denied him access to several religious items while he was in segregation, he does not describe how these acts substantially burdened his ability to practice his religion. Likewise, although Plaintiff asserts that he was restricted from using hardcover books in segregation, he does not allege that he could not use soft cover books. Plaintiff's access to hardcover books while in segregation may be limited where he is permitted soft cover reading materials. *See, e.g., Roberts v. Shearin*, No. AW-09-1404, 2010 WL 3517019 at *2 (D. Md. Sept. 7, 2010) (concluding a ban on hardcover books while an inmate was in segregation was reasonable in light of the safety and security concerns associated with the conversion of hardcover books into weapons). Further, a temporary deprivation of a religious item does not rise to the level of a constitutional violation. *See, e.g.*, *Marsh v. Corrs. Corp. of Am.*, No. 97-2070, 1998 WL 31435, at *3 (10th Cir. Jan. 28, 1998) (concluding plaintiff's allegations that defendants temporarily deprived her of religious items for fifteen days failed to satisfy her burden of establishing a First

Amendment violation); *Fillmore v. Eichkorn*, 891 F. Supp. 1482, 1493 (D. Kan. 1995) (finding denial of arrestee's religious requests for cotton clothing, distilled water and a Holy Bible over a weekend did not establish constitutional violation), *aff'd*, 77 F.3d 492 (10th Cir. 1996); *Bryan v. Admin. of F.C.I. Otisville*, 897 F. Supp. 134, 137 (S.D.N.Y. 1995) (holding that given legitimate security concerns in prison context, brief three-day confiscation of religious items does not seem unreasonable).

In short, Plaintiff has failed to allege sufficient facts to state a First Amendment free exercise claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly describes, in sufficient detail, how Defendants have substantially burdened his ability to practice his religion. Any amended complaint shall restate the allegations of Plaintiff's first Amended Complaint (filing no. 12) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### D. Claim Three - Access to Courts

Plaintiff alleges that Defendants have denied him meaningful access to the courts because they limited his access to the law library to 50 minutes per week, and denied him access to his legal documents for 58 days. (Filing No. 12 at CM/ECF p. 7.) To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendants frustrated or impeded his ability to bring a nonfrivolous legal claim. Thus, Plaintiff's access to courts claim against Defendants fails to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days to file

an amended complaint that clearly alleges that Defendants impeded his ability to bring a nonfrivolous legal claim. Any amended complaint shall restate the allegations of Plaintiff's first Amended Complaint (filing no. 12) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### E.     *Claim Four - Equal Protection*

Plaintiff alleges that Defendants denied him equal protection in violation of the Fourteenth Amendment because similarly situated inmates are given preferential treatment as part of a "transition program." (*Id*. at CM/ECF p. 8.) The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants give similarly-situated inmates preferential treatment in the form of "transition program" benefits. (Filing No. 12 at CM/ECF p. 8.) However, Plaintiff fails to describe how he is similarly situated to the other inmates in the "transition program." (*Id*.) Moreover, he fails to allege that the different treatment is based upon a suspect classification or a fundamental right. (*Id*.) Accordingly, Plaintiff has failed to allege sufficient facts to state an equal protection claim against Defendants upon which relief can be granted. Again, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly alleges an equal protection claim. Any amended complaint shall restate the allegations of Plaintiff's first Amended Complaint (filing no. 12) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

## IV. MOTIONS TO APPOINT COUNSEL

Also pending are Plaintiff's Motions for Appointment of Counsel. (Filing Nos. 11 and 13.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's monetary damages claims against Defendants in their official capacities are dismissed with prejudice.

2. Plaintiff's due process claims related to his protective custody classification are dismissed without prejudice.

3. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **March 5, 2012,** to amend his first Amended Complaint to clearly state a claim upon which relief may be granted in accordance with this Memorandum and Order. If Plaintiff fails to file a second amended complaint, Plaintiff's first Amended Complaint (filing no. 12) will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

4. In the event that Plaintiff files a second amended complaint, Plaintiff shall restate the allegations of his first Amended Complaint (filing no. 12), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

5.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text:  Review amended complaint on **March 5, 2012**; dismiss if not filed.

6.	Plaintiff's Motions for Appointment of Counsel (filing nos. 11 and 13) are denied without prejudice to reassertion.

DATED this 9th day of February, 2012.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.