IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, | ) | 4:11CV3215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

Plaintiff filed his original Complaint in this matter on November 25, 2011. (Filing No. 1.) Thereafter, Plaintiff filed an Amended Complaint. (Filing No. 12.) On February 9, 2012, the court conducted an initial review of Plaintiff's Amended Complaint and dismissed Plaintiff's monetary damages claims against Defendants in their official capacities and Plaintiff's due process claims related to his classification in protective custody. (Filing No. 15.) The court also concluded that Plaintiff had failed to state a federal claim upon which relief could be granted. (*Id*.) However, the court gave Plaintiff an opportunity to file a second amended complaint. (*Id*.) On March 15, 2012, Plaintiff timely filed a Second Amended Complaint. (Filing No. 18.) The court now conducts a review of the Second Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

In his Second Amended Complaint, Plaintiff alleges four claims. (Filing No. 18.) The court will address each claim in turn.

#### A. *Claim One*

In "Claim [O]ne," Plaintiff reasserts the protective custody classification claim the court previously dismissed. (*Id*. at CM/ECF pp. 1-7.) For the reasons discussed in the court's February 9, 2012, Memorandum and Order, Plaintiff's protective custody classification claim shall remain dismissed. (*See* Filing No. 15.) Plaintiff's "Claim [O]ne" also includes allegations that his "single cell" status was removed without due process. (Filing No. 18 at CM/ECF pp. 1-7.) However, as the court previously informed Plaintiff, an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004)

(unpublished per curiam decision) (stating that inmates have "no liberty interest in a particular classification"). Indeed, Plaintiff does not possess a liberty interest in his single cell status. *See, e.g.,* [Bondurant v. Gonzalez, No. 1:11–cv–00159–GBC (PC), 2012 WL 1413871, at \*3 (E.D. Cal. April 23, 2012)](#) (concluding "placement in segregated housing, on single cell status, on walk alone yard, and in administrative segregation do not implicate a protected interest"); [Cox v. Palmer, No. 3:08–cv–00663–ECR (RAM), 2011 WL 4344047, at \*13 (D. Nev. July 27, 2011)](#) (finding no protected liberty interest in single cell status that was revoked); [Wyatt v. Stratton, 2:06–cv–05210FCD–KJM, 2009 WL 385613, at \*2 (E.D. Cal. Feb. 12, 2009)](#) (concluding inmate had no due process claim as a result of revocation of his single cell status).

### B. *Claim Two*

In "Claim Two," Plaintiff reasserts his First Amendment religious rights claims from his Amended Complaint. (Filing No. 18 at CM/ECF pp. 7-9.) However, unlike Plaintiff's Amended Complaint, Plaintiff's Second Amended Complaint describes how Defendants' actions substantially burdened Plaintiff's ability to practice his religion. (*Compare Id. with* Filing No. 12.) For example, Plaintiff alleges that Defendants prevented him from practicing the central tenents of his religion because they (1) would not permit him to attend Wiccan sabbats, and (2) confiscated his book of shadows and a religious medallion. (Filing No. 18 at CM/ECF pp. 7-9.) Liberally construed, the court finds that Plaintiff has alleged sufficient facts to "nudge" his First Amendment religious rights claims across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Second Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. *Claim Three*

In "Claim Three," Plaintiff alleges that Defendants have denied him meaningful access to the courts because they restricted him to "50 minutes" of law

library time per week and caused him to "lose" Lancaster County Court Case "#CI11-14182, Woodlawn Estates v. Gracy Sedlack and Harold Wilson." (Filing No. 18 at CM/ECF pp. 9-10.) Again, when liberally construed the court finds that Plaintiff has alleged sufficient facts to "nudge" his First Amendment access to courts claim across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Second Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### D. *Claim Four*

In "Claim Four," Plaintiff reasserts the equal protection allegations from his Amended Complaint, namely that similarly situated inmates are given preferential treatment as part of a "transition program." (*Id*. at CM/ECF pp. 10-12.) As the court previously informed Plaintiff, the Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated prison inmates alike. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). However, in order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998). Plaintiff has not alleged that the different treatment he is experiencing is based upon a suspect classification or a fundamental right. (Filing No. 18.) To the extent Plaintiff is attempting to raise a "class of one" equal protection claim, he has not alleged that he was intentionally treated differently from others similarly situated or that there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that to allege a successful "class of one" equal protection claim, a plaintiff must set forth facts showing that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"). As a result, Plaintiff's equal protection allegations fail to state a claim upon which relief may be granted and are dismissed.

IT IS THEREFORE ORDERED that:

1. In accordance with this Memorandum and Order, and the court's February 9, 2012, Memorandum and Order, Plaintiff's due process and equal protection claims are dismissed without prejudice.

2. Plaintiff's First Amendment religious rights claims, First Amendment access to courts claims and Plaintiff's state law claims may proceed to service.

3. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SEVEN (10) summons forms and SEVEN (10) USM-285 forms (for service on Defendants in their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**September 3, 2012**: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 8th day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.