IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HAROLD B. WILSON,

        Plaintiff,

vs.

DIANE SABATKA-RINE,

        Defendant.

4:11CV3215

ORDER

THIS MATTER came before the Court pursuant to Fed. R. Civ. P. 26(c), upon request for a Protective Order (Filing No. 82) prohibiting the plaintiff's counsel from disclosing confidential documents obtained through discovery to the plaintiff, incarcerated persons or to the general public. This Court being advised in the premises grants the motions and finds the following Protective Order is appropriate.

    IT IS ORDERED:

    1.    The defendants shall provide the plaintiff's counsel with documents requested in the plaintiff's first set of requests for production of documents, placing any confidential documents in a separate envelope marked "CONFIDENTIAL." These documents will hereinafter be referred to as "confidential documents."

    2.    Except as hereinafter provided or upon further order of the Court, the confidential documents shall not be disclosed to the plaintiff, any incarcerated persons, or to the general public. The confidential documents shall be revealed only to the plaintiff's attorney of record, and persons employed by the plaintiff's attorney of record who are helping with the preparation of the above captioned case.

    3.    Each individual described in Paragraph 2 above, to whom confidential documents are disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with this action. Before any confidential documents may be disclosed to any person described in Paragraph 2, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under this Order by counsel for the plaintiff.

  4. All confidential documents shall be viewed and/or used only for purposes of preparing and presenting this case. Prior to any public disclosure of the material at a hearing, trial, or in a motion to the court, counsel for the defendants shall be notified of what material is intended to be disclosed and shall be provided an opportunity to object to the intended disclosure. The parties shall confer and attempt to agree, before any hearing, on the procedures under which the confidential documents may be introduced or otherwise used at such hearing, trial, or in connection with a motion to a court. Absent agreement, the Court shall be asked to issue an order governing the use of such confidential documents.

  5. At the conclusion of this case all confidential material, including all copies, received pursuant to this Order shall be returned to counsel for the defendants or destroyed by counsel for the plaintiff, unless otherwise ordered by the Court.

  6. The Court may impose sanctions with respect to any person or entity improperly granting access to material subject to this Protective Order. Any person or entity, whether or not a party, violating the Protective Order may be punished for contempt of Court.

  Dated this 17th day of December, 2013.

               BY THE COURT:

               s/ Thomas D. Thalken
               United States Magistrate Judge