IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HAROLD B. WILSON,

        Plaintiff,

vs.

DIANE SABATKA-RINE, et al.,

        Defendants.

4:11CV3215

ORDER

      This matter is before the court on the plaintiff Harold B. Wilson's (Wilson) Motion for Leave to Amend Complaint (Filing No. 94). Wilson filed the proposed Third Amended Complaint (Filing No. 94-1) and a brief (Filing No. 95) in support of the motion. The defendants filed a brief (Filing No. 96) in opposition to the motion. Wilson filed a brief (Filing No. 98) in reply.

BACKGROUND

      Wilson, who is currently confined in the Lincoln Correctional Center (LCC), is a practicing adherent of the Wiccan religion. This case generally stems from the defendants' alleged violations of Wilson's First Amendment right to practice his religion. Wilson, proceeding *pro se*, filed his original complaint on November 25, 2011. **See** Filing No. 1 - Complaint. Wilson filed an amended complaint on January 18, 2012. **See** Filing No. 12 - Amended Complaint. After conducting an initial review of the Amended Complaint, the court dismissed several of Wilson's claims. **See** Filing No. 15 - Memorandum and Order. On March 15, 2012, Wilson filed a second amended complaint. **See** Filing No. 18 - Second Amended Complaint. After a second initial review, the court dismissed several more claims. **See** Filing No. 19 - Memorandum and Order. Subsequently, the defendants filed a motion for summary judgment. **See** Filing No. 53 - Motion for Summary Judgment. On September 27, 2013, the court granted in part and denied in part the defendants' summary judgment motion. **See** Filing No. 63 - Memorandum and Order. Thereafter, the court appointed Wilson an attorney because "it appears that this case may be headed for a trial." **See** Filing No. 64 - Memorandum and Order. Following counsel's appearance for Wilson, the court entered a progression

order.  **See** Filing No. 67 - Order Setting Final Schedule for Progression of Case.  The court set January 31, 2014, as the deadline for depositions and February 14, 2014, as the deadline for summary judgment motions.  *Id.*  The final pretrial conference is set for June 26, 2014, and a jury trial is set for July 21, 2014.  *Id.*  On January 29, 2014, the defendants filed a second summary judgment motion, which remains pending.  **See** Filing No. 87 - Second Motion for Summary Judgment.  Wilson filed the instant motion to amend his Second Amended Complaint on February 19, 2014.  **See** Filing No. 94 - Motion for Leave to Amend Complaint.

> Wilson seeks to amend his complaint for a third time for the following reasons:
>
>> (1) clarify and plead with more particularity the claims remaining after the Court's order denying summary judgment in part; (2) eliminate certain claims that Plaintiff can no longer pursue; (3) dismiss certain Defendants; (4) add claims that discovery has shown were wrongfully dismissed; (5) add additional claims, add official-capacity injunctive relief claims, and one additional Defendant based on information gained through discovery and/or because of Plaintiff's transfer to another facility.

**See** Filing No. 95 - Brief p. 1.  Wilson states he seeks to streamline his remaining claims in preparation for trial after he conducted a thorough analysis of his claims with recently appointed counsel and determined the viability of his claims.  *Id.* at 3-4.  Wilson contends the motion is not made to delay these proceedings.  *Id.*  Wilson asserts the amended complaint will not affect the progression deadlines set forth in the court's progression order.  *Id.*  Wilson also contends the amendments are brought in good faith and are not futile.  *Id.* at 4-5.  Additionally, Wilson argues the defendants will not be unfairly prejudiced because the factual underpinnings stated in his previous complaints support the proposed new defendant and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) claim.  *Id.* at 5-6.  Wilson asserts the proposed Third Amended Complaint will not result in additional discovery because the defendants already possess evidence to defend Wilson's claims or the necessary evidence will be discovered during the remaining agreed-upon depositions.  *Id.*[1]  Lastly, Wilson seeks an

---

[1] Wilson represents the defendant Diane Sabatka-Rine and the proposed new defendant Mario Peart were scheduled for depositions for February 21, 2014, and he planned to conduct three additional depositions in the following weeks with the defendants' permission.  **See** Filing No. 95 - Brief p. 2, 4-7.

2

extension of time to respond to the pending Second Motion for Summary Judgment until 21 days after the instant motion is ruled upon. *Id.* at 6.

The defendants do not object to dismissing the defendants Mel Rouf and Randy Bartlet or the claims regarding a paralegal textbook and a retaliatory transfer. **See** Filing No. 96 - Response p. 3. However, the defendants object to adding an additional defendant, adding the current defendants in their official capacities, adding claims for injunctive relief, adding claims under RLUIPA, and reviving Wilson's Book of Shadows claim previously dismissed. *Id.* The defendants argue it is futile for Wilson to revive his Book of Shadows claim because the court dismissed the claim for failure to exhaust administrative remedies. *Id.* at 4 (**citing** Filing No. 63 - Memorandum and Order p. 15). The defendants oppose all other amendments because the amendments would unfairly prejudice the defendants. *Id.* at 5-8. The defendants argue this amendment will further delay this case, which has been pending for two years, and while Wilson was recently appointed counsel, the defendants should not be prejudiced because Wilson was appointed counsel before the trial date was set. *Id.* The defendants also contend Wilson could have sought to amend at the time the court appointed counsel. *Id.* Additionally, the defendants argue this proposed amended complaint adds new theories of recovery, additional discovery requirements, and another defendant, all of which place further discovery obligations upon the defendants. *Id.* Lastly, the defendants assert there is a prejudicial danger witnesses' memories will fade as this case is further delayed. *Id.*

In reply, Wilson contends he properly exhausted his Book of Shadows claim and therefore the amendment is not futile. **See** Filing No. 98 - Reply p. 1-4 (**citing** 98-1 - Exs. 13-15 - Grievance Forms). Wilson argues requiring him to file a separate suit on his Book of Shadows claim would contradict the Prison Litigation Reform Act's (PLRA) policy goal of reducing prisoner lawsuits. *Id.* Wilson also argues the defendants have not shown they would be unfairly prejudiced if the court granted Wilson leave to amend. *Id.* at 4-6. Wilson asserts the defendants' argument that the amendment would "place further discovery obligations upon the Defendants" is conclusory and lacks articulation of any discovery the defendants actually require. *Id.*

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. **Roberson v. Hayti Police Dep't**, 241 F.3d 992, 995 (8th Cir. 2001); **see Hanks v. Prachar**, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. **See Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **See Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." **Id.** (**citing** Fed. R. Civ. P. 16(b)); **see Hartis**, 694 F.3d at 948. Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." **Popoalii**, 512 F.3d at 497.

The court finds Wilson has shown good cause to file a Third Amended Complaint. Although this case has been pending for a significant amount of time and Wilson's counsel was appointed in October 2013, this is Wilson's first amendment following appointment of counsel and Wilson did not unduly delay in seeking to amend his complaint. Since Wilson's counsel's appointment, extensive discovery, including written discovery, the production of documents, and depositions, has occurred and the parties have agreed on additional discovery beyond the discovery deadlines. Wilson's proposed Third Amended Complaint eliminates two defendants and two of Wilson's claims, clarifies and streamlines Wilson's claims, and will aid in preparation for trial. The amendments are intended to conform the dispute as it has developed through discovery. Wilson's proposed Third Amended Complaint also adds a defendant and RLUIPA claims; however, Wilson represents the added defendant and claims rely on

4

the same "factual underpinnings" of Wilson's current claims, which the defendants do not dispute.

The defendants have failed to sustain their burden of showing unfair prejudice. The defendants provide conclusory statements the defendants would be unfairly prejudiced. Further, the defendants fail to specify what discovery, in addition to that already taken and scheduled, would be necessary. The proposed Third Amended Complaint may require the defendants to revise their pending summary judgment motion; however, the defendants have not shown such a revision would unfairly prejudice the defendants.

The defendants also fail to show Wilson's proposed amendments are futile. A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. **See *Geier v. Mo. Ethics Com'n***, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." ***Becker v. Univ. of Neb. at Omaha***, 191 F.3d 904, 908 (8th Cir. 1999) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." ***Becker***, 191 F.3d at 908; ***Williams v. Little Rock Mun. Water Works***, 21 F.3d 218, 225 (8th Cir. 1994) (citation omitted). "When the court denies leave [to amend] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" ***Briscoe v. Cnty. of St. Louis, Mo.***, 690 F.3d 1004, 1015 (8th Cir. 2012) (first alteration in original) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." ***Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." ***Sharper Image Corp. v. Target Corp.***, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see *Am. Family Mut. Ins. Co. v. Hollander***, 705 F.3d 339, 348 (8th Cir. 2013).

Although the court will not determine the merits of Wilson's claims at this time, the defendants fail to meet their burden of showing it would be legally futile to allow Wilson to file the proposed Third Amended Complaint. The court previously dismissed Wilson's Book of Shadows claim because he failed to exhaust his administrative remedies. **See** Filing No. 63 - Memorandum and Order p. 15. The evidence before the court at the summary judgment stage showed Wilson only submitted a November 16, 2011, Informal Grievance Resolution Form regarding the return of his Book of Shadows. **See** *id.* at 6-7 (**citing** Filing No. 55-2 - Sabatka-Rine Aff. ¶ 12). Wilson received a response on November 29, 2011, informing him the matter was under review and appropriate action would be taken. *Id.* (**citing** Filing No. 55-2 - Sabatka-Rine Aff. ¶ 13). Sabatka-Rine attested Nebraska State Penitentiary staff did not receive any further grievances from Wilson regarding the return of the Book of Shadows. *Id.* (**citing** Filing No. 55-2 - Sabatka-Rine Aff. ¶ 14). Wilson also represented in his brief in opposition to the defendants' summary judgment motion that he did "not [pursue] the entire [grievance] procedure concerning my Book of shadows because staff had already lost them or disposed of them, and so they could never be returned to me, so why waste the time and expense of seeking to have something returned to me that no longer existed." **See** Filing No. 56 - Wilson's Response ¶ 7. However, after reviewing Wilson's evidence in support of the instant motion, the court finds Wilson may have properly exhausted the three-step grievance process. **See** Filing No. 98 - Reply p. 1-4 (**citing** 98-1 - Exs. 13-15 - Grievance Forms). Further discovery revealed Wilson submitted the following forms referencing his Book of Shadows: an "Informal Grievance Resolution Form" to unit staff on October 15, 2011, a "Grievance Form Step One" to the Chief Executive Officer on November 1, 2011, and a "Grievance Form Step Two" to Central Office Appeal on November 23, 2011. **See** Filing No. 98-1 - Exs. 13-15. The Director of the Nebraska Department of Correctional Services responded to Wilson's grievances on December 8, 2011 and determined, in part, "all accommodations have been made to facilitate your practice of your religion to the extent possible while in segregation." *Id.* The three-step grievance process regarding Wilson's Book of Shadows claim was seemingly completed well before Wilson filed the instant motion to amend, as well as before all prior amended complaints and the court's Memorandum and Order dismissing Wilson's

6

Book of Shadows claim. Accordingly, amending his complaint to include the Book of Shadows claim, which is similar to Wilson's current claims for possession of tarot cards and religious items, is not futile.

**IT IS ORDERED**:

1. Wilson's Motion for Leave to Amend Complaint (Filing No. 94) is granted.

2. Wilson shall have until **on or before March 24, 2014**, to file the Third Amended Complaint.

3. Wilson shall have until **April 11, 2014**, to respond to the defendants' Second Motion for Summary Judgment. The defendants may have until **April 21, 2014**, to reply.

Dated this 21st day of March, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge